**No. 23-11253**

**In the United States Court of Appeals for the Fifth Circuit**

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

CHRISTOPHER MICHAEL SEVIER,
*Defendant-Appellant*

---

Appeal from the United States District Court
for the Northern District of Texas
Dallas Division
3:17-cr-00069-L

---

**Appellant's Initial Brief**

---

JASON D. HAWKINS
Federal Public Defender

CHRISTY MARTIN
Assistant Federal Public Defender
525 S. Griffin St., Suite 629
Dallas, Texas 75202
214.767.2746/214.767.2886 (fax)
Christy_Martin@fd.org

Counsel for Mr. Sevier

## CERTIFICATE OF INTERESTED PERSONS

| | |
|---|---|
| **Federal District Judge:** | Hon. Sam A. Lindsay |
| **Federal Magistrate Judge:** | Hon. Irma Carrillo Ramirez |
| **Defendant:** | Christopher Michael Sevier |
| **Federal Public Defender:** | Jason D. Hawkins |
| **Defense Counsel:** | Marti Rachel Morgan (district court)<br>Natalie D. Ebolum (district court)<br>Christy Martin (appeals) |
| **United States Attorney:** | Leigha Simonton |
| **Assistant U.S. Attorneys:** | John Boyle (district court)<br>Brian McKay (appeals) |

*/s/ Christy Martin*
Christy Martin

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........ ii
STATEMENT REGARDING ORAL ARGUMENT ........ iii
TABLE OF AUTHORITIES ........ v
STATEMENT OF JURISDICTION ........ 1
ISSUE PRESENTED FOR REVIEW ........ 2
STATEMENT OF THE CASE ........ 3
SUMMARY OF THE ARGUMENT ........ 5
ARGUMENT ........ 6

The district court denied Mr. Sevier's Fifth and Sixth Amendment rights by treating the supervised release revocation as mandatory without affording Mr. Sevier the right to a jury trial and proof beyond a reasonable doubt. (Foreclosed)

A. Standard of Review ........ 6
B. Argument ........ 6

CONCLUSION ........ 12
CERTIFICATE OF FILING AND SERVICE ........ 13
CERTIFICATE OF COMPLIANCE ........ 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gall v. United States*,
552 U.S. 38 (2007) .......... 10

*Glover v. United States*,
531 U.S. 198 (2001) .......... 10

*United States v. Castillo*,
836 Fed. Appx. 333 (5th Cir. 2021) .......... 6

*United States v. Garner*,
969 F.3d 550 (5th Cir. 2020) .......... 5, 6, 11

*United States v. Haymond*,
588 U.S. 634 (2019) .......... *passim*

*United States v. Olano*,
507 U.S. 725 (1993) .......... 6

**Statutes**

18 U.S.C. § 922(g) .......... 9

18 U.S.C. § 922(g)(1) .......... 4

18 U.S.C. § 3231 .......... 2

18 U.S.C. § 3583(g) .......... *passim*

18 U.S.C. § 3583(g)(1) .......... 7, 9

18 U.S.C. § 3583(g)(3) .......... 7

18 U.S.C. § 3583(k) .......... 7, 9, 10

18 U.S.C. § 3742 .......... 2

21 U.S.C. § 841 .......... 4

28 U.S.C. § 1291 .......... 2

**Constitutional Provisions**

U.S. Const. Amend. V.......... 5

U.S. Const. Amend. VI.......... 5, 6, 7, 10

**Federal Rules**

Fed. R. App. P. 4(b)(1)(A)(i) .......... 2

Fed. R. App. P. 25(c)(2) .......... 13

Fed. R. App. P. 32 .......... 14

## STATEMENT OF JURISDICTION

This is a direct appeal from a sentence imposed in a criminal case on revocation of supervised release. The district court had jurisdiction under 18 U.S.C. §§ 3231 & 3583. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

The district court entered its judgment on revocation of supervised release on December 12, 2023. ROA.156. Mr. Sevier filed a timely notice of appeal on December 15, 2023. ROA.159. See Fed. R. App. P. 4(b)(1)(A)(i).

## ISSUE PRESENTED FOR REVIEW

Whether Mr. Sevier was denied his rights under the Fifth and Sixth Amendments in being subjected to mandatory supervised release revocation without being afforded the right to a jury trial and proof beyond a reasonable doubt? (Foreclosed).

## STATEMENT OF THE CASE

This is a direct appeal from a judgment revoking supervised release and imposing a revocation sentence. On March 5, 2019, Appellant Christopher Sevier pleaded guilty to one count charging felon-in-possession of a firearm, 18 U.S.C. § 922(g)(1) and one count charging possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). ROA.302, 305. On August 20, 2019, the district court entered a judgment sentencing him to 60 months' imprisonment and three years' supervised release. ROA.102-103.

Mr. Sevier began his term of supervised release on January 6, 2023. ROA.153. On July 12, 2023, Mr. Sevier's probation officer filed a Petition for Person Under Supervision alleging that Mr. Sevier had violated his conditions of supervised release by, *inter alia*, possessing a controlled substance and refusing to comply with drug testing requirements. ROA.381-82. The petition cites a statutory provisions section that states, "Mandatory revocation for possession of a controlled substance and for refusal to comply with drug testing. Sentence to a term of imprisonment." ROA.382 (citing 18 U.S.C. § 3583(g)(1) & (g)(3)). The petition lists an advisory imprisonment range of 7 to 13 months' imprisonment. *Id.*

At the revocation hearing, Mr. Sevier admitted to these and certain other allegations. ROA.253. The district court revoked Mr. Sevier's supervised release and sentenced him to a term of imprisonment of 7 months. ROA.288.

## SUMMARY OF THE ARGUMENT

Appellant contends that he was denied his Fifth Amendment due process rights and the Sixth Amendment right to a jury trial by the district court not providing a jury trial on the issue of revocation. This argument is foreclosed in this circuit by *United States v. Garner*, 969 F.3d 550 (5th Cir. 2020), and Mr. Sevier is preserving the issue for further review.

# ARGUMENT

**The district court denied Mr. Sevier's Fifth and Sixth Amendment rights by treating the supervised release revocation as mandatory without affording Mr. Sevier the right to a jury trial and proof beyond a reasonable doubt. (Foreclosed)**

## A. Standard of Review

This issue is ordinarily reviewed *de novo*. *See United States v. Garner*, 969 F.3d 550, 551 (5th Cir. 2020). However, Mr. Sevier did not raise this issue in the trial court; thus, the issue must be reviewed for plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993). Moreover, this issue is foreclosed by this Court's decision in *United States v. Garner*, 969 F.3d at 553, and is being raised to preserve it for further review. Accordingly, this Court will likely dispose of this issue summarily. *See United States v. Castillo*, 836 Fed. Appx. 333, 334 (5th Cir. 2021), *citing Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir.1968).[1]

## B. Argument

According to 18 U.S.C. §3583(g), revocation of the defendant's supervised release—and imposition of a term of imprisonment—is mandatory in four circumstances:

If the defendant—

[1] Given that this issue will be disposed of summarily, counsel is requesting to reserve a plain error analysis if this case is remanded for reconsideration of this issue at a later date or if future case law develops favorably to Mr. Sevier's position.

> (1) possesses a controlled substance in violation of the condition set forth in subsection (d);
>
> (2) possesses a firearm, as such term is defined in section 921 of this title, in violation of Federal law, or otherwise violates a condition of supervised release prohibiting the defendant from possessing a firearm;
>
> (3) refuses to comply with drug testing imposed as a condition of supervised release; or
>
> (4) as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year . . . .

18 U.S.C. §3583(g)(1). Here, the Petition for Person Under Supervision stated that Mr. Sevier was subject to "[m]andatory revocation for possession of a controlled substance and for refusal to comply with drug testing" and determined that the court must "[s]entence [Mr. Sevier] to a term of imprisonment. 18 U.S.C. § 3583(g)(1) & (g)(3)." ROA.375.

Mr. Sevier submits that *United States v. Haymond*, 588 U.S. 634 (2019) invalidates §3583(g). *Haymond* addressed the constitutionality of 18 U.S.C. §3583(k), which requires revocation and a five year term of imprisonment when sex offenders on supervised release commit a new specified sex offense. *See Haymond*, 588 U.S. at 641-46 (Gorsuch, J., plurality op.). Five Justices found that the provision violates the jury trial guarantee of the Sixth Amendment, though they did not join a common opinion. *See Haymond*, 588 U.S. at 656 (Gorsuch, J., plurality op.); *Haymond*, 588 U.S. at 658 (Breyer, J., concurring). Nonetheless, all five of these Justices concurred that imprisonment

following a revocation constitutes punishment for the defendant's initial offense, not for subsequent conduct committed while on release. *See Haymond*, 588 U.S. at 648 (Gorsuch, J., plurality op.) ("The defendant receives a term of supervised release thanks to his initial offense, and whether that release is later revoked or sustained, it constitutes a part of the final sentence for his crime."); *Haymond*, 588 U.S. at 658 (Breyer, J., concurring)("Revocation of supervised release is typically understood as 'part of the penalty for the initial offense.'")(quoting *Johnson v. United States*, 529 U.S. 694, 700 (2000)).

A four-Justice plurality of Gorsuch, Kagan, Sotomayor and Ginsburg treated facts found in a revocation proceeding just like facts found in a sentencing proceeding, labels and timing notwithstanding. *See Haymond*, 588 U.S. at 646-49 (Gorsuch, J., plurality op.). Because the finding that Haymond committed a new sex crime on supervised release produced a mandatory minimum and expanded maximum, it was, in the plurality's view, subject to the jury trial and reasonable doubt guarantees. Justice Gorsuch explained:

> Our precedents, *Apprendi*, *Blakely*, and *Alleyne* included, have repeatedly rejected efforts to dodge the demands of the Fifth and Sixth Amendments by the simple expedient of relabeling a criminal prosecution a "sentencing enhancement." Calling part of a criminal prosecution a "sentence modification" imposed at a "postjudgment sentence-administration proceeding" can fare no better. As this Court has repeatedly explained, any "increase in a defendant's authorized punishment contingent on the finding of a fact" requires a jury and proof beyond a reasonable doubt "no

> matter" what the government chooses to call the exercise.

*Id.* at 647.

In a concurrence, Justice Breyer did not go so far. In his view, supervised release may be likened to parole, violations of which may be ordinarily found without the aid of a jury. *See Haymond*, 139 S.Ct. at 2385 (Breyer, J., concurring). But he vacated Haymond's sentence because of three features of §3583(k):

> First, § 3583(k) applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute. Second, § 3583(k) takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long. Third, § 3583(k) limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of "not less than 5 years" upon a judge's finding that a defendant has "commit[ted] any" listed "criminal offense."

*Id.* at 659.

At least two of the three of these criteria are present in §3583(g). Subsection (g) names "a discrete set of federal criminal offenses," namely: unlawful possession of controlled substances, §3583(g)(1), possession of a firearm (necessarily a violation of 18 U.S.C. § 922(g) when the underlying offense is a felony), §3583(g)(2), and repeated use of a controlled substance, as evidenced by positive drug tests, §3583(g)(4). The only other basis for mandatory revocation named in §3583(g) – non-compliance with drug testing – is so closely associated with illegal drug use as to be essentially a means of proving a discrete federal offense. The statute thus creates the appearance of a

legislative effort to punish criminal offenses while circumventing cumbersome constitutional guarantees. *See Haymond*, 588 U.S. at 650 (Gorsuch, J., plurality op.) ("If the government were right, a jury's conviction on one crime would (again) permit perpetual supervised release and allow the government to evade the need for another jury trial on any other offense the defendant might commit, no matter how grave the punishment.")

Further, the findings in §3583(g) "take[] away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long." *Id.* at 636. They demand imprisonment when found.

The §3583(g) findings do not, like §3583(k), compel a lengthy term of imprisonment. But that should not change the overall outcome. Even a one-day prison sentence carries weighty constitutional significance in a free society. *See Glover v. United States*, 531 U.S. 198 (2001)("any amount of actual jail time has Sixth Amendment significance."). Because a short prison sentence is qualitatively different from a sentence that does not involve imprisonment at all, the length of the minimum is of less significance than the fact of the minimum. *See Gall v. United States*, 552 U.S. 38, 48 (2007)("We recognize that custodial sentences are qualitatively more severe than probationary sentences of equivalent terms. Offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty.")(emphasis

added).

At a minimum, *Haymond* raises grave doubt about the constitutionality of §3583(g). Certainly, it did not expressly hold that §3583(g) survives constitutional challenge. *See Haymond*, 588 U.S. at 652, n. 7 (Gorsuch, J., plurality op.)("Nor do we express a view on the mandatory revocation provision for certain drug and gun violations in § 3583(g), which requires courts to impose 'a term of imprisonment' of unspecified length.").

In any event, the above argument has been rejected by this Court in *United States v. Garner*, 969 F.3d at 553. Mr. Sevier is raising this issue to preserve it for further appellate review. Because this Court will likely dispose of this issue summarily, Mr. Sevier is requesting to address a plain error analysis if the case is either remanded for reconsideration of this issue at a later date or if future case law develops favorably to Mr. Sevier's argument.

## CONCLUSION

For these reasons, Appellant respectfully requests that this Court vacate the judgment and remand to the district court for re-sentencing.

Respectfully submitted,

/s/ Christy Martin

CHRISTY MARTIN
Assistant Federal Public Defender
525 S. Griffin St., Suite 629
Dallas, Texas 75202
214.767.2746/214.767.2886 (fax)
Christy_Martin@fd.org

Counsel for Mr. Sevier

## CERTIFICATE OF FILING AND SERVICE

I certify that on May 23, 2024, I filed this brief electronically in the Court's ECF system. Opposing counsel, Assistant United States Attorney Brian W. McKay, a registered filer, is deemed served. See Fed. R. App. P. 25(c)(2); Fifth Circuit Rule 25.2.5.

I also certify that: 1) any required privacy redactions have been made; 2) the electronic submission is an exact copy of the paper document; and 3) this document has been scanned for viruses by Trend Micro Security Agent, a commercial virus scanning program, and it is free of viruses.

/s/Christy Martin
**Christy Martin**

## CERTIFICATE OF COMPLIANCE

Under Rule 32(a)(7) of the Federal Rules of Appellate Procedure, I certify this brief complies with the length limitation announced in Rule 32(a)(7)(B), because it contains 1839 words, excluding those items listed in Rule 32(f).

This brief complies with the typeface and type style requirements because it has been prepared in Microsoft Word using the proportionally spaced typeface Times New Roman, in a 14-point font size in the body of the brief, and a 12-point font size in the footnotes.

I understand that a material misrepresentation in completing this certificate, or circumvention of the length limitations in Federal Rule of Appellate Procedure 32(a)(7), may result in the Court striking the brief and imposing sanctions.

/s/Christy Martin
**Christy Martin**